JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Torrey
109 Williams Road
Woodstown, NJ 08098

**(b)** County of Residence of First Listed Plaintiff: **Salem**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
Paving Plus, LLC
1194 Fries Mill Road,
Franklinville, NJ

County of Residence of First Listed Defendant: **Gloucester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  | |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  | |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  | |
|  | ☐ 555 Prison Condition |  |  | |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
N.J.S.A. 34:11-56.25 et seq
Brief description of cause:
Violation of the Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/29/19
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT TORREY, | |
| | **JURY DEMANDED** |
| Plaintiff, | |
| | Civil Action No._____ |
| v. | |
| PAVING PLUS, LLC, GWP ENTERPRISES, INC., GARY POTTS and JOY POTTS | |
| Defendants. | |

## COMPLAINT

Plaintiff, ROBERT TORREY, by and through his undersigned counsel, hereby files this Complaint against Defendants, PAVING PLUS, LLC, GWP ENTERPRISES, INC., GARY POTTS and JOY POTTS and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, ROBERT TORREY (hereinafter "Plaintiff" or "Torrey"), is an adult individual residing in Woodstown, New Jersey.

2. Defendant, PAVING PLUS, LLC (hereinafter "Defendant" or "Paving Plus") is a New Jersey corporation with a principal place of business at 1194 Fries Mill Road, Franklinville, Gloucester County, New Jersey.

3. Defendant, GWP ENTERPRISES, INC. (hereinafter "Defendant" or "GWP") is a New Jersey corporation with principal place of business at 1194 Fries Mill Road, Franklinville, Gloucester County, New Jersey.

1

4. Defendant, GARY POTTS is an adult individual, citizen of New Jersey and principal of Defendant, GWP doing business at the above captioned address.

5. Defendant, JOY POTTS is an adult individual, citizen of New Jersey and principal of Defendant, Paving Plus and at all times doing business at 1194 Fries Mill Road in Franklinville, New Jersey.

6. At all times relevant herein, Defendants Paving Plus, GWP, Mr. Potts and Ms. Potts are/were "employers" of Plaintiff within the meaning of the Fair Labor Standards Act and New Jersey Wage Laws.

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the laws of the United States, specifically, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendants reside in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. FACTUAL ALLEGATIONS

9. Defendants Paving Plus and GWP are road construction, paving corporations, owned, operated, managed and directed by Defendants, Gary Potts and Joy Potts.

10. Defendants are employers covered by the record-keeping minimum wage, wage payment and overtime pay mandates of the Fair Labor Standards Act ("FLSA"), the New Jersey Prevailing Wage Act ("PWA") N.J.S.A. 34:11-56.25 and the New Jersey Wage and Hour Laws

2

("NJWHL" or "New Jersey Wage and Hour Laws"), N.J.S.A. 34:11-562, *et seq.*, and N.J.A.C. 12:56, *et seq.*

11. In 2015, Plaintiff, Robert Torrey was hired by GWP Enterprises in 2015, which is owned and operated by Gary Potts.

12. At the time of Plaintiff's hire, GWP was a nonunion company.

13. However, when GWP became a union employer, Mr. Torrey's employment was transferred to Defendant Paving Plus, owned and operated by Gary's wife, Joy Potts.

14. During his entire employment with Defendants, Mr. Torrey never received any compensation for any of his overtime hours for any prevailing rate jobs.

15. That is, Defendants never paid Plaintiff time plus one half for any and all hours worked over forty (40) hours per week, in violation of the New Jersey Wage and Hour Act, *N.J.S.A.* 34:11-56a et. seq.

16. Instead, on the occasion that Mr. Torrey *did* receive overtime payment, it was calculated using "field rate" and would ignore the hours worked overtime on prevailing wage.

17. Plaintiff complained on a weekly basis about not being paid correctly and in accordance with the statutory requirements and yet, Defendants did nothing to remedy this pay discrepancy.

18. Defendants also refused to pay Mr. Torrey prevailing wage rate for public work jobs, despite statutory requirements to do so. *N.J.S.A.* 34:11-56.25 et. seq.

19. On March 22, 2018, Mr. Torrey elected to join the union.

20. In response, Mr. and Mrs. Potts both individually called Mr. Torrey screaming at Mr. Torrey, claiming he stabbed the Potts in the back and ultimately terminating his employment on March 23, 2018.

3

21. While employed by Defendants, Plaintiff often worked longer hours than the forty (40) hour work week.

22. Despite working more than forty (40) hours per week, the Plaintiff rarely received overtime pay, and when he was paid overtime rate, it was calculated based on "field rate" not the prevailing wage rate required by law.

23. Upon information and belief, Defendants determined Plaintiff's base wages and decided not to pay Plaintiff overtime for hours worked more than forty (40) hours per week.

24. Throughout Plaintiff's employment with Defendants, Plaintiff was not an "exempt" employee as defined under the FLSA.

### III. CAUSES OF ACTION

#### COUNT I
#### Violation of the Fair Labor Standards Act
#### (Failure to Pay Overtime Compensation)

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as if fully set for herein.

26. At all times relevant herein, Defendants were "employers" within the meaning of the FLSA.

27. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

28. At all times relevant herein, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

29. Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

4

30. Defendants failed to pay Plaintiff for hours he worked greater than forty (40) per workweek.

31. Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one and one-half times his base rate for each hour worked more than forty (40) hours per workweek.

32. Defendants' violations of the FLSA include not paying Plaintiff any overtime pay for overtime hours spent above the forty hours Plaintiff each week.

33. Defendants' conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

34. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

### COUNT II
### Violations of the New Jersey Prevailing Wage Act, N.J.S.A. 34:11-56.25 et seq

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set for herein.

36. At all times relevant herein, Defendants were "employers" within the meaning of the NJ Prevailing Wage Act.

37. At all times relevant herein, Plaintiff was an "employee" of Defendants within the meaning of the NJ Prevailing Wage Act.

38. The New Jersey Prevailing Wage Act requires that an employer pay prevailing wages whenever the employer performs work on property or premises owned by a public body or leased or to be leased by a public body or for any public work to which any public body is a party. N.J.S.A. 34:11-56.25, et seq.

39. The prevailing wage rate is set by the Commissioner and is determined and defined by the type of position held, and the County where the services are/were being performed.

40. The employer is required to pay such prevailing wage, certify to the public body that it has paid that rate, and keep accurate records showing the wages and hours paid to each employee.

41. For example, for all prevailing wage jobs, the contractor such as Claremont is to submit certified payroll records to the public entity to confirm compliance with the Prevailing Wage Act, to the benefit and protection of workers. Upon information and belief Defendants failed to comply with the Prevailing Wage Act.

42. Plaintiff was frequently paid less than prevailing wage.

43. Defendant's conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

44. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

### COUNT III
### Violation of New Jersey Wage Laws
### (Failure to Pay Overtime Compensation)

45. Plaintiff incorporates by reference Paragraphs 1 through 44 as if fully set for herein.

46. At all times relevant herein, Defendants were Plaintiff's "employer" within the meaning of the New Jersey Wage Laws.

47. At all times relevant herein, Defendants were responsible for paying wages to the Plaintiff.

48. Under the New Jersey Wages Laws, an employer must pay a non-exempt employee at least one and one-half times his base rate for each hour worked greather than forty (40) hours per workweek.

49. At all relevant times herein, Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the New Jersey Wage Laws.

50. Defendants' violations of the New Jersey Wage Laws include failing to pay Plaintiff for hours worked by him more than forty (40) per workweek.

51. Defendants' conduct in failing to pay Plaintiff properly was willful and was not based upon any reasonable interpretation of the law.

52. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

### COUNT III
### FLSA--RETALIATION
### (29 U.S.C.A. § 215(a)3)
### (Plaintiffs v. Defendants)

53. Plaintiff incorporates paragraphs 1-52 as if fully set forth at length herein.

54. At set forth above, Plaintiff made a complaint about his wages, excessive hours and overtime, and as such, Plaintiff was engaged in protected activity under the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

55. Defendants took adverse action against Plaintiff by terminating his employment.

56. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate his employment.

57. As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3) Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

58. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

59. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

60. Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff Robert Torrey demands judgment in his favor and against Defendants and that this Court enter an Order providing that:

A. Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earning. Plaintiff should be accorded those benefits illegally withheld;

B. Plaintiff is to be awarded liquidated damages as applicable under the Fair Labor Standards Act, the New Jersey Prevailing Wage Law and New Jersey Wage Laws in an amount equal to the actual damages in this case.

  C. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

  D. Any other further relief this Court deems just proper and equitable.


Date: <u>October 29, 2019</u>    **LAW OFFICES OF ERIC A. SHORE, P.C.**

              BY: _/s/ Graham F. Baird_
              **GRAHAM F. BAIRD, ESQUIRE** (Pa. Id. No. 92692)
              Two Penn Center, Suite 1240
              1500 John F. K Boulevard
              Philadelphia, PA 19110
              Tel.: (267) 546-0131
              Fax: (215) 944-6124
              Email: grahamb@ericshore.com
              *Attorney for Plaintiff, Robert Torrey*